PETER H. WALSH and others, Respondents, *v.* SOLOMON MEHRBACK, Appellant.

*Pleading.*

In an action on a bond, the complaint alleged that, by the terms of the bond, damages for the breach of the contract referred to in it were duly liquidated at $5,000. The answer denied each and every allegation in the complaint not admitted. It admitted the execution of *a* bond, with the condition mentioned in the complaint. *Held*, that the answer put in issue the allegation of the complaint, that, by the terms of the bond, the damages were liquidated at $5,000.

Appeal from a judgment entered on verdict directed by the court at Circuit.

*Thomas Hyslop*, for the appellant.

*Geo. A. Black*, for the respondent.

Brady, J.:

This action was commenced to recover the damages sustained by the plaintiffs, in consequence of the violation by one Thomas H.

Smith, of his agreement with them, that he would not, for the period of three years, directly or indirectly engage in the business of unloading any marble vessel, or sailing craft of any kind, that might come to the port of New York from any other port or place, etc.

The defendant is sued because he executed a bond in the sum of $5,000 to the plaintiffs, the condition of which was, that Smith would well and truly keep and perform all the terms and conditions of the contract, already mentioned. The bond was not set out in, and no copy of it was annexed to, the complaint. It was alleged that, by the terms of the *bond*, damages for the breach of the contract referred to in it — that is, the contract of Smith — were duly liquidated at $5,000. The answer denies each and every allegation in the complaint, not admitted. It then proceeds to admit the execution of *a* bond, with the condition mentioned in the complaint, and to allege a defense growing out of the contract with Smith. The effect of this answer was clearly to put in issue the allegation that, by the terms of the bond, the damages were liquidated at $5,000. The allegation itself is as well the statement of a conclusion of law, as of the literal contents of the bond expressly relating to that subject. The word "term" has a great variety of definitions, as we find by consulting the lexicographer, and among others, condition, stipulation; but in its legal signification, as applied to any instrument, it is generally employed to state a result or conclusion, and not the condition or stipulation. For example, it is frequently found in points, arguments, and pleadings, thus: the agreement, though it does not expressly, yet in terms it does, etc. ; thus giving the effect of all its provisions. Hence it can be said that when the pleader uses it, it may have a doubtful signification. It may mean that by the contract a certain thing was agreed upon, or that the whole agreement considered together in effect, that is by its terms, contained the avowed condition, stipulation, or contract. The precise character in which it is thus used, is of no consequence when the instrument to which it refers is produced, which is always done unless it be lost, because the court then determines the meaning of its covenants, conditions or agreements. The plaintiffs herein were bound to attest the allegation, therefore, that the bond liquidated the damages. If that averment were a conclusion of the pleader,

it was necessary that the papers should be exhibited, because the defendant was under no obligation to deny a legal conclusion. If it were intended as the asseveration of a fact, then it was denied, because it was not admitted, and what was not admitted was denied by the answer. The plaintiffs were duly advised of this, for upon the opening of their case, the defendant's counsel moved to dismiss the complaint upon the grounds, that the action was brought on a bond of indemnity and contained no allegation of damages, and that the damages were not liquidated by the contract as set out in the complaint.

The word, contract, was perhaps infelicitous, because the contract set out in the complaint was one made with Smith; but a bond is a contract, and was the defendant's contract, and the allegation as to liquidated damages in the complaint, referred not to the contract, but to the bond *eo nomine.* The objection stated clearly meant that instrument. The subject presented for the consideration of the court, was the omission in the complaint of all allegations of damages.

The bond was one of indemnity. Its object was to secure the plaintiffs, in case Smith failed faithfully to perform his engagement with them. The motion to dismiss the complaint was renewed upon the same grounds, when the testimony was closed, and over-ruled. The plaintiffs had given no evidence of damages sustained, and had not produced and proved the bond of the defendant. It is said by the plaintiffs, that the cause was tried upon the assumption that the pleadings admitted the allegation that the damages were liquidated by the bond at $5,000, but such is not the fact. The motions of the defendant show that this was an error, and the converse of the proposition is apparent from the answer itself.

The objection considered being fatal to the judgment, it is not necessary to consider any other point.

Daniels, J.:

I agree with the conclusion arrived at by Mr. Justice Brady, for the following reasons: The answer puts in issue the allegation that the bond, by its terms, liquidated the damages for a breach of the contract, at the sum of $5,000. And proof to sustain the averment was not given by the plaintiffs. Their case therefore stood

simply on the bond, as one conditioned for the performance by Smith of the contract he had entered into with the plaintiffs. And they should have shown the damages sustained by them for the breach, if any breach was in truth established in the case. (3 R. S. [5th ed.], 661, §§ 5–7.) The evidence given proved nothing of that kind. If it established any thing at all in the plaintiffs' favor, it was that Smith had violated his agreement, without proving any consequential loss, by means of the breach, to the plaintiffs. The bond, as it appeared in the case, was conditioned for the performance of the contract made by Smith. If he failed to perform the contract he became liable for damages, and his surety in the bond bound for their payment, but for nothing more than that. The damages should have been proven to justify a recovery, if they were not liquidated, and that they were, was not shown. (*Patterson* v. *Parker*, 2 Hill, 598; *Shaffer* v. *Lee*, 8 Barb., 412.)

Whether there had been any breach of the contract depended upon the view to be taken of conflicting evidence. That presented a question of fact for the jury. And the exception to the direction of a verdict by the court, was therefore well taken. The case was a proper one for the jury, and the defendant did nothing waiving his right to have it submitted to and determined by them. There should be a new trial of the action.

DAVIS, P. J.:

There should be a new trial because no damages justifying the verdict were shown, and the *pleadings* cannot properly be construed as asserting and admitting that the damages were in fact liquidated at $5,000. There should have been an assessment of damages upon proof of a breach of the agreement, unless upon production of the bond a plain and clear contract of liquidation appeared upon its face. Besides the case should have gone to the jury on the question of breach.

Judgment reversed, and new trial ordered costs to defendant to abide the event.